I agree with the principal opinion that the trial court erred in imputing income absent a finding of voluntary unemployment. However, I believe the court has another option available to it upon remand. Clearly, the court is seeking to address a "windfall" type situation and to allow the appellant's children to benefit from his receipt of a large amount of nonrecurring income via the 1999 capital gain. R.C.3113.215(B)(3)(k) and/or (p) seem to be a legislative attempt to authorize just such an effort by the court. Both of these subsections apply after the calculation of "income" and allow an adjustment of the amount that is computed under the child support guidelines. Subsection (k) allows an adjustment in light of a "financial resource or other asset," while subsection (p) allows the Court to adjust the guideline amount in light of "any other relevant factor." Because they come into play only after income is calculated, they are not directly conflicting with the "nonrecurring income" provisions of R.C. 3113.215(A)(5)(b). Thus, while the court must calculate a parent's income in compliance with the statutory definitions, it is still free to deviate from the guideline amount (that is derived by plugging in "income") if it finds that R.C.3113.215(B)(3)(k) or (p) warrant it. See Schreeberger v. Schreeberger
(Dec. 19, 1996), Cuyahoga App. No. 70525, unreported.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and that the case be remanded for further proceedings. Appellant shall recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Concurs with Concurring Opinion.
Kline, J. Concurs in Judgment Opinion.